of a village, and purporting to be published by authority of the board of trustees of the village and shown by the certificate of the village clerk, under the corporate seal of the village, to have been so published, is introduced in evidence.

2. CORONERS, § 3*—*what is not within province of jury.* It is not within the province of the coroner's jury to fix the civil liability of any one growing out of an accident resulting in the death of an injured person.

3. EVIDENCE, § 232*—*what finding in coroner's verdict is inadmissible in action against railroad company for death of pedestrian.* In an action against a railroad company to recover for the death of a pedestrian who was struck by one of defendant's trains as it was passing through a village, that part of the coroner's verdict containing a finding that the signal service was out of repair and that the speed of the train was excessive and in violation of the village ordinance, was inadmissible.

4. CORONERS, § 3*—*what is proper finding at inquest over body of person killed by railroad train.* Where a person is killed accidentally by being run over or struck by a railroad train, the legitimate object of the coroner's inquest is fulfilled by a finding that the death of deceased was caused by being run over or struck by a railroad train, without adjudicating whether it was due to any one's negligence.

---

## The People of the State of Illinois, Defendant in Error, v. Ben Silver, Plaintiff in Error.

### Gen. No. 6,539.   (Not to be reported in full.)

Error to the County Court of McHenry county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded with directions. Opinion filed July 25, 1918.

## Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Ben Silver, defendant, for selling

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

intoxicating liquor in anti-saloon territory. From a judgment sentencing defendant to confinement in the county jail for 30 days on each of five counts, or 150 days in all, and adjudging that defendant pay a fine of $100 on each of the five counts, defendant brings error.

WILLIAM L. PIERCE, for plaintiff in error.

VINCENT S. LUMLEY, for defendant in error; CHARLES T. ALLEN, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW—*when new trial not granted.* As a general rule, a new trial will not be granted in a criminal case to afford an opportunity to impeach a witness.

2. CRIMINAL LAW—*when new trial properly refused.* A new trial was properly refused in a criminal case, although the testimony of a particular witness may not have been true, where there was sufficient evidence outside that of the witness to sustain the conviction and the only effect of the introduction of the evidence of another witness would have been to impeach the testimony of the particular witness.

3. INTOXICATING LIQUORS, § 144*—*what evidence is incompetent in prosecution for illegal sale of to affect credibility of witness.* Evidence that a witness in a prosecution for the sale of intoxicating liquor in anti-saloon territory admitted that she was not married to the one that she testified was her husband, and to whom she claimed defendant sold liquor, is not competent even to affect her credibility.

4. CRIMINAL LAW, § 388*—*what is proper method of fixing term of imprisonment on several counts.* In a criminal case the court should not fix the term of imprisonment on several counts in gross, but should fix a specified time under each count, and also state in the sentence that the time under one shall begin at the expiration of the time under the previous one.

5. CRIMINAL LAW, § 601*—*when case should be reversed and remanded.* Where the court in a criminal case errs in fixing the term of imprisonment on several counts in gross, the case should be reversed and remanded with directions to enter a proper judgment and sentence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.